MARC J. HELD\*
PHILIP M. HINES\*

\*ALSO ADMITTED IN NEW JERSEY

EDWARD S. MILLER
URI NAZRYAN
CARL ZAPFFE\*

OF COUNSEL
SHERRY D. DANZIG



**HELD & HINES LLP**
ATTORNEYS AT LAW

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2025
```

August 25, 2025

<u>Via ECF</u>

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, NY 10007

  Re: Layla Saliba, *et al.* v. Hanover Capital Group LLC, *et al.*
    Case #: 24-cv-401 (MKV)

Dear Judge Vyskocil:

  This office represents Plaintiffs in the above-referenced matter. Pursuant to L. Civ. R. 37.2 and § 3(D) of Your Honor's Individual Rules of Practice in Civil Cases, the purpose of this letter is to advise the Court of a discovery dispute.

**<u>On Behalf of Plaintiffs:</u>**

  On November 19, 2024, the Court issued the Civil Case Management Plan and Scheduling Order (the "CMP"). ECF Doc. No. 50. The CMP required the Parties to timely serve discovery demands on or before December 25, 2024. *Id.* at ¶ 7(a)-(b). Plaintiffs served timely discovery demands, but Defendants failed to do so. The CMP also scheduled March 21, 202[5], as the end of the "paper" fact discovery period. *Id.* at ¶ 5. This deadline was extended multiple times, all of which were upon the request of Defendants, and all of which were with Plaintiffs' consent. See ECF Doc. Nos. 52-57. Ultimately, the paper fact discovery end-date was scheduled for June 11, 2025. ECF Doc. No. 57 at ¶ 5. On June 11, 2025, Defendants finally provided responses to Plaintiffs' discovery demands, and in light of all the extensions to which our office had consented—and the fact that Plaintiffs' demands had been outstanding for nearly six months—it is not an exaggeration to say that we were utterly horrified at the lack of responsiveness (which is detailed below).

  On June 25, 2025, counsel for the parties conducted a meet-and-confer telephone conference, which lasted for approximately twenty minutes. Although the conference was initially successful in that Defendants' counsel promised more responsive discovery answers by July 3rd, this conference was ultimately unsuccessful because Defendants failed to provide more responsive

622 THIRD AVENUE, SUITE 600
NEW YORK, NY 10017
TEL: 212.696.4LAW
FAX: 718.444.5768

WWW.HELDHINES.COM

4815 AVENUE N
BROOKLYN, NY 11234
TEL: 718.531.9700
FAX: 718-444-5768

<mark>


</mark>

answers by this deadline, or by any other subsequently-agreed upon deadline. In fact, Defendants did not supplement their answers until August 5th, and these supplemental responses provided virtually no additional information whatsoever.

As the Court will recall, this matter concerns allegations that Hanover Capital Group LLC ("Hanover") improperly classified Plaintiffs as independent contractors instead of employees, failed to pay Plaintiffs a statutorily-mandated minimum wage, failed to pay Plaintiffs statutorily mandated overtime, failed to pay Plaintiffs statutorily-mandated spread-of-hours-pay, failed to pay Plaintiffs earned commissions, and failed to provide Plaintiffs with statutorily-mandated wage statements. Accordingly, in order to properly litigate this matter, Plaintiffs will need (and requested via discovery) such documents as job listings, agreements/contracts between the parties, training-related documents, job descriptions and/or instructions, polices, procedures, product information, worker handbooks, commission rate information, employee (or independent contractor) manuals, payment information, personnel files of Plaintiffs, correspondence, etc. Defendants produced absolutely none of these documents whatsoever—even in response to the Court's July 10th Mediation Referral Order, which Defendants completely ignored—and instead, simply produced documentation that is not remotely helpful in discerning the viability of Plaintiffs' claims and/or the extent of damages to which they are entitled. Furthermore, Defendants have refused to provide any information regarding the other "sales reps" that Hanover employed, which is crucial not only because all of these individuals are potential witnesses, but also because the total amount of such individuals is needed to satisfy the numerosity requirement of Plaintiffs' putative class.

It should also be noted that Defendants are attempting to claim that Plaintiffs' answers are also deficient. It is Plaintiffs' position that this claim is wholly without merit, and is being proffered simply for distraction-related purposes. For the record, though, Defendants failed to serve timely discovery demands on Plaintiffs. Nevertheless, despite the fact that Defendants missed the December 25th deadline by *over a full month*, Plaintiffs provided fully-responsive answers, including but not limited to all the documents that are, upon information and belief, in Plaintiffs' possession, custody, and/or control. (Hanover did not typically provide Plaintiffs with copies of documents, so the vast majority of documents relevant to this matter are in Hanover's possession.)

On July 3, 2025, the parties filed a joint letter advising the Court of the instant potential dispute. ECF Doc. No. 58. Plaintiffs were hopeful that the parties would be able to resolve this issue in and between themselves—especially in light of the numerous courtesies our office extended to Defendants' counsel in his numerous extension requests. Unfortunately, though, we are now nearly two months past the paper discovery deadline, and we have tried to be as patient as possible with Defendants' counsel in light of some of the issues outlined in his extension requests, but now, after having received Defendants' long-awaited supplemental discovery responses—which provide virtually no additional information whatsoever—Plaintiffs have no choice but to unfortunately involve the Court in this regard.

**On Behalf of Defendants:**



Letter to Hon. Mary Kay Vyskocil, U.S.D.J.
August 25, 2025
Page 3

On August 18, 2025, the Parties held a telephonic meet and confer regarding outstanding discovery issues that lasted for approximately 45 minutes. Defendants informed Plaintiffs that many requested documents are not and have never been in possession of the Defendants. Documents requested such as training-related documents, job instructions, policies, procedures, worker handbooks, and manuals either do not exist or were created by third party contractors not subject to approval by Defendants. Defendants' supplemental responses to Plaintiffs dated August 5, 2025 states what documents are not in the possession of Defendants.

Defendants concede that there are documents requested which Defendants are still in the process of retrieving. These documents include, job listings, agreements/contracts between the parties, commission rate information, and product information. Defendants ceased operations months ago and have had difficulty obtaining this requested information. Counsel for Defendants have requested the Defendants conduct additional searches for this additional information in a timely fashion and will supplement upon receipt.

Defendants continue to object to the production of sales representatives and employee names exclusive of named Plaintiffs. Defendants object to releasing this information on the grounds of employee confidentiality, protection of trade secrets, and immateriality to the named Plaintiffs.

Finally, regarding Defendants' Discovery requests, Defendants' discovery requests were drafted but were not transmitted until January 30, 2025 due to an office oversight, which Plaintiffs were informed upon sending the requests. Plaintiff did not respond to these discovery requests until June 10, 2025, at which time Plaintiffs asserted multiple objections to responding due to receiving the discovery requests after December 25, 2024. Subsequent to a meet-and-confer on June 25, 2025 and a deficiency letter from Defendants on July 2, 2025, Plaintiff counsel provided some supplemental responses, but the responses as a whole remain deficient. Included in Defendants' requests are requests for information for relevant employment history of Plaintiffs, to which Plaintiffs have objected to responding to. Defendants allege that Plaintiffs were independent contractors that controlled their own schedule. It is likely that Plaintiffs held other employment and likely spent significant amounts of time at these other places of employment. Therefore, the requested discovery is relevant to the instant case and should be provided.

## MEDIATION

The Court referred the Parties to Mediation on July 10, 2025. The Parties are scheduled for a mediation session with Mediator Michael Kreitman on September 5, 2025.

## CONCLUSION

The Parties sincerely hope that the foregoing fully complies with § 3(D) of Your Honor's Individual Rules of Practice in Civil Cases. Should Your Honor require any additional information from the Parties, then please feel free to have your staff reach out to our respective offices. Otherwise, we thank you for your time in this regard, and we shall await the Court's response.



Letter to Hon. Mary Kay Vyskocil, U.S.D.J.
August 25, 2025
Page 4

|  | Sincerely, |
|---|---|
| **TASI PLLC** | **HELD & HINES LLP** |
| Attorneys for Defendants | Attorneys for Plaintiffs |
| By: _/s/ Joey Tsai_ | By: _/s/ Carl E. Zapffe_ |
| Joey Tsai, Esq. | Carl E. Zapffe, Esq. |
| 535 Fifth Ave., 4th Floor | 622 Third Ave., Suite 600 |
| New York, NY 10017 | New York, NY 10017 |
| 646-829-9001 (Phone) | 212-696-4529 (Phone) |
| jtsai@tsaipllc.com | czapffe@heldhines.com |

**DENIED. Despite multiple extensions of the deadline to complete fact discovery having been granted, the parties now file this request which is untimely pursuant to the Court's Individual Rules of Practice in Civil Cases. See Rule 3(D). The extended deadline to complete fact discovery was June 11, 2025 and it was not until July 3, 2025 that the parties first advised the Court of any discovery dispute and not until August 25, 2025 that the parties actually sought relief from the Court. [ECF No. 64]. The Court's Individual Rules clearly require parties to seek relief in advance of any discovery deadline and explicitly warns the parties that if they wait until near the close of discovery to raise an issue "the party is unlikely to be granted the relief that it seeks, let alone more time for discovery." See Rule 3(D). Therefore, IT IS HEREBY ORDERED that the parties' requested relief is DENIED. IT IS FURTHER ORDERED that Defendants shall file an affidavit on the docket on or before September 2, 2025 attesting that the certain requested documents either have been produced or do not exist or are not in their possession. No documents that have not been produced may be used at trial or on summary judgment.**

**The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 64.**

**SO ORDERED**

Date: 8/26/2025
New York, New York

_/s/ Mary Kay Vyskocil_
Mary Kay Vyskocil
United States District Judge