MARC J. HELD*

PHILIP M. HINES*

*ALSO ADMITTED IN NEW JERSEY



**HELD & HINES LLP**
ATTORNEYS AT LAW

EDWARD S. MILLER

URI NAZRYAN

CARL ZAPFFE*

OF COUNSEL
SHERRY D. DANZIG

September 12, 2025

The Court will schedule a conference to address the outstanding discovery issues presented herein and by Plaintiffs' motion for reconsideration regarding other discovery. By October 10, 2025, Defendants shall file an affidavit under seal explaining the reasons for cancellation of the depositions. No separate motion to seal need be filed.

SO ORDERED:

10/6/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

<u>Via ECF</u>

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, NY 10007

Re:    Layla Saliba, *et al.* v. Hanover Capital Group LLC, *et al.*
        Case #: 24-cv-401 (MKV)

Dear Judge Vyskocil:

This office represents Plaintiffs in the above-referenced matter. Pursuant to L. Civ. R. 37.2 and § 3(D) of Your Honor's Individual Rules of Practice in Civil Cases, the purpose of this letter is to advise the Court of a *new* discovery dispute, and to request an informal conference, should the Court deem such a conference appropriate. On September 10, 2025, counsel for the parties engaged in a telephonic meet-and-confer conference regarding this issue, but unfortunately, this conference was unsuccessful, and we now need Court intervention.

**<u>On Behalf of Plaintiffs:</u>**

The discovery issues that have besieged this matter have been well documented. *See generally* ECF Doc. No. 69-2. Now, unfortunately, there is a new discovery dispute with regards to depositions. Specifically, on August 25, 2025, Plaintiffs filed a Notice of Deposition for Co-Defendant Haim Llalouz, which was to take place (virtually) on September 11, 2025. *See* ECF Doc. No. 62. Also, on August 25, 2025, Plaintiffs filed a Notice of Deposition for Co-Defendant Yanathon Llalouz, which was to take place (virtually) on September 12, 2025. *See* ECF Doc. No. 63. However, on September 10, 2025—the day before Haim Llalouz's scheduled deposition—Defendants' counsel called our office and informed us that neither Haim Llalouz nor Yanathon Llalouz would be appearing for their noticed deposition. Furthermore, Defendants' counsel claimed that *neither individual is available to be deposed for the next <u>three months</u>*. By way of review, the current deposition deadline is September 30, 2025, and the Court has advised that "no further extensions of this deadline will be granted absent unforeseen and extraordinary circumstances." ECF Doc. No. 61 at 2.

622 THIRD AVENUE, SUITE 600
NEW YORK, NY 10017
TEL: 212.696.4LAW
FAX: 718.444.5768

WWW.HELDHINES.COM

4815 AVENUE N
BROOKLYN, NY 11234
TEL: 718.531.9700
FAX: 718.444.5768



Even more egregiously, our office had been trying to schedule depositions in this matter for *months*, and we only filed the aforementioned deposition notices as a last resort because Defendants had continuously neglected to provide any dates on which they could be deposed and/or on which their counsel was available to take Plaintiffs' depositions. Specifically, our file reveals that we e-mailed Defendants' counsel requesting deposition dates (and/or requesting a call to discuss potential deposition dates) on March 14, 2025, April 15, 2025, May 19, 2025, May 27, 2025, June 6, 2025, June 11, 2025, July 1, 2025, and July 9, 2025. Defendants' counsel did not provide any potential dates in response to any of these e-mails. Finally, on August 18, 2025, we e-mailed Defendants' counsel and advised:

> [Y]ou have not yet provided me with any deposition dates, despite my numerous requests. If you don't provide potential dates by the end of the day, then I'll just send you deposition notices with dates certain. Again, not my preference, but given how difficult it's been to obtain responsive discovery answers, I need to protect my clients' interests, and I need to make sure these depositions actually occur before the court-ordered deadline.

Defendants' counsel still did not provide any dates in response to this e-mail, and so, as stated above, on August 25, 2025, Plaintiffs simply filed the deposition notices. ECF Doc. Nos. 62 and 63. On Wednesday, August 27, 2025, our office e-mailed courtesy copies of these notices to Defendants' counsel, and advised him that we would be willing to conduct the depositions on alternate dates should legitimate availability issues arise, but that we must agree on alternate dates by the end of the week, or else we will conclude that the noticed dates are acceptable. Defendants' counsel did not provide any alternate dates by the end of the week, and even confirmed Haim Llalouz's appearance on September 11th. However, as noted above, Defendants' counsel contacted our office the day beforehand and informed us that neither individual would be appearing.

As to the reason for the non-appearance, Defendants' counsel is requesting that this information be provided under seal. However, based on the information that has been provided to our office, Plaintiffs vigorously dispute that the proffered reason (a) constituted sufficient good cause so as to cancel Haim Llalouz's deposition (because the alleged medical condition only pertains to Yanathon Llalouz); (b) constituted sufficient good cause so as to cancel both depositions the day beforehand (because it appears this information had been known for at least one week prior, as evidenced by Yanathon Llalouz's failure to appear at the Court-Ordered mediation the week beforehand); and (c) constitutes sufficient good cause for a three-month extension of the deposition deadline.

In a vacuum, the procedural posture as outlined above with regards to depositions would be outrageous in and of itself—especially in light of the continued delays and the numerous chances Defendants had to provide their own mutually-agreeable dates. However, when viewed in conjunction with the contents of Plaintiffs' recently-filed Declaration, ECF Doc. No. 69-2— including and especially all Defendants' previous extension requests, Defendants' continued refusal to provide any type of responsive discovery answers, Defendants' complete disregard of



Hon. Mary Kay Vyskocil, U.S.D.J.
September 12, 2025
Page 3

the Mediation Referral Order, and Haim Lallouz's demonstrably false affirmation—it is clear that Defendants are showing utter disdain for any and all procedural requirements imposed on them by either the Court or the Federal Rules of Procedure. Moreover, as a result of all of these transgressions, Plaintiffs have been, and now continue to be, significantly prejudiced—first by the inability to obtain fully responsive discovery answers, and now by the potential inability to take Defendants' depositions. Therefore, at this time, Plaintiffs are respectfully requesting the Court to impose serious and drastic sanctions against Defendants in this regard, up to and including the striking of Defendants' Answer.[1]

**<u>On Behalf of Defendants:</u>**

Defendants respectfully request that the deposition deadline of September 30, 2025 be extended by 90 days, up to and including, December 29, 2025, or to a date acceptable to the Court. The Court's order dated July 10, 2025 states "The parties are on notice that no further extensions of this discovery deadline will be granted absent unforeseen and extraordinary circumstance." Due to a serious medical condition on behalf of the Defendants, Defendants are unable to appear for depositions in the near term. To protect the privacy of the individuals involved, Counsel for Defendants will request leave to file an affirmation of Haim Lallouz under seal to provide the Court with additional information regarding the nature of this medical condition. Good cause exists for the affirmation to be filed under seal as the affirmation includes private medical information, and the individual defendants are entitled to a right to privacy that outweighs the public interest to this document. The information to be under seal is also narrowly tailored to only information concerning private medical information about the individual Defendants. Defendants will file a motion to seal along with the proposed seal affirmation in a separate filing as per your Honor's individual rules and the Court's instructions. Plaintiff counsel consents to a request to file the affirmation under seal.

Defendants have worked and continue to work with the Plaintiffs in regards to prior discovery disputes and the scheduling of depositions. While depositions were previously discussed, the prior meet-and-confers between the Parties resulted in the joint understanding that depositions would be tentatively scheduled after the September 5, 2025 mediation session with Mediator Michael Kreitman, Esq. Scheduling depositions after mediation would allow the Parties to avoid fees associated with depositions in the event mediation is successful, a request consented to by the Plaintiffs in the Joint Letter from the Parties on July 9, 2025 (Docket No. 59).

Plaintiffs proceeded to efile deposition notices on August 25, 2025, sent the notices via email to Defendants on August 27, 2025, and requested confirmation or alternative dates by August 29, 2025. In efforts to timely respond, Defendants responded to Plaintiffs as follows: 1) August 29, 2025 email to Plaintiffs that additional time was required to confirm the proposed dates, 2)

---

1. As an aside, and for the sake of thoroughness, Defendants claim below that Plaintiffs have yet to offer a concrete settlement demand in this matter. This claim is not true. Plaintiffs made several concrete demands during the mediation session, but for strategic reasons, the mediator chose not to present those demands to Defendants.



Hon. Mary Kay Vyskocil, U.S.D.J.
September 12, 2025
Page 4

September 4, 2025 email to Plaintiffs that the deposition for Haim Lallouz was confirmed, but that Yanathon Lallouz remained unconfirmed, and 3) September 9, 2024 email to Plaintiffs that Yanathon Lallouz remains unconfirmed. On September 10, 2025, counsel for Defendants was informed of Defendants' inability to attend both the September 11 and September 12 depositions due to the above referenced medical condition, and the Parties promptly held a meet-and-confer on September 10, 2025 to address Defendants' inability to appear on the prior noticed dates. Plaintiffs agreed to cancel the stenographer and instead submit this joint letter to the Court to inform the Court of the events and to seek relief as requested.

Defendants assure the Court that this matter is being treated seriously by all Parties. The Parties attended a 7-hour mediation on September 5, 2025 in an attempt to resolve the matter. Defendants will note that this litigation involves four plaintiffs that worked a combined total of 26 weeks of employment.[2] Defendants further note that while Defendants have offered settlement offers, Plaintiffs have yet to offer a concrete settlement demand, even with the efforts of the mediator.

Finally, Defendants oppose Plaintiffs' request for sanctions as Defendants communicated their inability to attend in as practicable and timely manner as indicated above. It is Defendants' understanding that Plaintiffs agreed to cancel the stenographer in part so that Defendants would not be required to file a motion for a protective order regarding their non-appearance at the upcoming depositions. Instead, Plaintiffs are currently asking for sanctions for Defendants' non-appearance. There exists ambiguity as to the intent and communication of the Parties, but Defendants would certainly have filed a motion for a protective order on September 10, 2025, prior to the depositions, if Defendants understood that Plaintiffs would be seeking sanctions for their non-appearance. Defendants respectfully await the Court's response.

### CONCLUSION

The Parties sincerely hope that the foregoing fully complies with § 3(D) of Your Honor's Individual Rules of Practice in Civil Cases. Should Your Honor require any additional information from the Parties, then please feel free to have your staff reach out to our respective offices. Otherwise, we thank you for your time in this regard, and we shall await the Court's response.

Sincerely,

**TASI PLLC**                                  **HELD & HINES LLP**
Attorneys for Defendants                       Attorneys for Plaintiffs


By: _/s/ Joey Tsai_                            By: _/s/ Carl E. Zapffe_
    Joey Tsai, Esq.                               Carl E. Zapffe, Esq.

---

2.    Plaintiffs assert up to approximately a combined 42 weeks of employment for all four Plaintiffs.